838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MURRY'S STEAKS, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-3017.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 25, 1988.
Decided Jan. 25, 1988.
 
 David Ellliot Weisman (Peter A. Greenburg, Morton A. Faller, Meyer, Faller, Weisman and Greenburg, P.C. on brief) for appellant,
 Lisa M. Bell, Assistant United States Attorney (Beckinridge L. Willcox, United States Attorney on brief) for appellee.
 D.Md.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin. (CA-86-1898).
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Food and Nutrition Service of the Department of Agriculture permanently disqualified Murry's Steaks' 1913 Greenmount Avenue outlet from participation in the Food Stamp program, based on the trafficking violations committed by the store's manager. The disqualification was upheld by an administrative law judge, and Murry's sought judicial review pursuant to 7 U.S.C. Sec. 2023(a) by filing a complaint in the United States District Court for the District of Maryland.
 
 
 2
 In the district court, Murry's sought to demonstrate that it had taken every possible step to prevent employee trafficking in food stamps. It also demanded a jury trial on the issue of liability. The district court held however that 7 U.S.C. Sec. 2021(b) and its accompanying regulations 7 C.F.R. Sec. 278.6 do not afford a "best efforts" defense to a retail outlet found to have trafficked in food stamps. The court therefore found that no triable issue of fact existed and dismissed Murry's action pursuant to Rule 41(b) F.R.C.P. Murry's appeals, and we affirm.
 
 
 3
 Murry's Steaks is a food distribution chain with 150 retail outlets nationwide. Many of the retail outlets in the Baltimore and metropolitan Washington D.C. area are in neighborhoods where there is a substantial concentration of food stamp recipients who pay Murry's with food stamps. This is true of Murry's 1913 Greenmount Avenue location in Baltimore, which annually receives 50 to 60 percent of its nearly one million dollars of gross receipts in the form of food stamps.
 
 
 4
 In January and February of 1984, Mr. Charles Wilson, the manager of Murry's Greenmount Avenue location, twice purchased food stamps from undercover police officers at a discount of their face value. He pocketed the difference between the face value of the food stamps and their discounted value. He subsequently pled guilty to one count of violating 7 U.S.C. Sec. 2024, which prohibits trafficking in food stamps.
 
 
 5
 The applicable statute, 7 U.S.C. Sec. 2021(b), provides that disqualification from participation in the Food Stamp program "shall be ... permanent upon ... the first occasion of a disqualification based on the purchase of coupons or trafficking in coupons ... by a retail food store ..." It is undisputed that Mr. Wilson committed the trafficking offenses. The only question is whether the retail outlet operated by Murry's on Greenmount Avenue should be held accountable for Mr. Wilson's wrongdoing.
 
 
 6
 We think that a logical application of 7 U.S.C. Sec. 2021(b) and 7 C.F.R. Sec. 278.6 supports the attribution of Mr. Wilson's liability to Murry's Steaks. A corporation only acts through its employees and directors. In this case, the statute does not operate to disqualify all of Murry's Steaks' retail outlets, but only the single retail outlet where trafficking occurred. Mr. Wilson was the manager in charge of that outlet. His intent to violate prohibitions against trafficking is therefore attributable to Murry's 1913 Greenmount Avenue location.
 
 
 7
 We recognize that the imposition of a penalty of permanent disqualification based on only one or two relatively minor instances of food stamp trafficking is harsh. It is the penalty chosen by Congress, however, when it amended the Food Stamp program in 1982 to address "the increasing frequency in which trafficking cases are reported and verified ..." S.Rep. No. 504, 97th Cong., 2d Sess. 63, reprinted in 1982 U.S.Code Cong. & Admin.News 1641, 1701. Because it is uncontested that the manager of Murry's Greenmount Avenue location illegally trafficked in food stamps at least once, we have no choice but to uphold the sanction enacted by Congress. Murry's contention that it had a right to have a jury determine its liability need not be resolved in the absence of any triable issue of fact.
 
 
 8
 AFFIRMED.